**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court, S. D. New York, Civil Division.

July 16, 1980.

U. S. Dept. of Justice, Antitrust Division, for U.S.A.

Cravath, Swaine & Moore, New York City, for defendant IBM.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

This memorandum and order is occasioned by defendant's admitted delinquency in producing the written narrative statements of its four economic expert witnesses.

On February 1, 1980 the parties entered into a stipulation that direct testimony of remaining economic expert witnesses shall be submitted in the form of written narrative statements or by written answers to written hypotheticals or by a combination of the two under the terms and conditions of the stipulation. When that stipulation was discussed during the conference of February 5, 1980, counsel for defendant informed the court that defendant would require "at least several weeks" time out to prepare the written portion of their economists' testimony, tr. 99,106. Speaking to that projected delay, the court questioned whether "it would be prudent to consider dispensing with the narrative statements." Tr. 99,107. But the court was reassured by IBM counsel that use of narrative statements in lieu of live direct testimony, even with time out from the trial to prepare such statements, would result in a substantial saving of court time, tr. 99,107, 99,125.

During the conference of February 7, 1980, counsel for plaintiff asked IBM counsel for an estimate of the target date for submission of the narrative statement of

IBM's first economic expert witness. Counsel for defendant replied that "the best target date I can give your Honor is the first week of April." Tr. 99,328–29. This initial target date was not met, presumably, because the parties and court were engaged in the herculean task of processing approximately 4000 documents offered by IBM and characterized by IBM counsel as documents which "must be in the record, or at least offered, prior to the time that the economists testify, so that they can utilize and rely on that evidence for their testimony." Tr. 99,094. In response to plaintiff's letter of April 28, 1980 to the court complaining of the delay in production of narrative statements, counsel for IBM conceded "that preparation of the economists' narratives has taken longer than expected," but restated his hope that "the narratives will be ready at about the same time the processing [of documents offered by IBM] is completed." Letter of Thomas D. Barr, dated May 1, 1980 to Robert J. Staal.

By June 2nd the court had ruled on more than 4000 documents submitted by IBM. During the period of time the parties and court addressed themselves to these documents, IBM's presentation of *testimony* came to a halt. (From February 28, 1980 through June 2, 1980 only one day was spent in court hearing trial testimony.) When the court scheduled a conference for June 2, 1980 it was anxious to determine, once and for all, when the narrative statements of IBM's four economic expert witnesses would be submitted. At that conference, counsel for IBM apologized for the delay in producing the narratives, and estimated that the first narrative would be handed over to the government shortly after July 4, 1980, tr. 112,722, 112,743. The narrative of IBM's second economic expert witness was to be produced two weeks after production of the first narrative, and the third narrative was to be produced two weeks after production of the second narrative. Tr. 112,744. No estimate was provided, however, for the production date of Dr. Kaysen's (IBM's fourth economic expert witness) narrative statement.

Finally, on June 5, 1980, in response to the court's urgings, counsel for IBM agreed "to strain every effort" to produce the first narrative no later than June 30th, tr. 112,-763. In a letter to the court on the following day, counsel stated that he was "confident" that "at least a very substantial part" of the first narrative would be ready by June 30, 1980. Letter of Thomas D. Barr, dated June 6, 1980 to Judge Edelstein.

What actually occurred on the eagerly awaited June 30, 1980 target date? IBM submitted a written statement authored by Dr. Mancke, its first economic expert witness, which was characterized as the first of three installments of a "historical statement based upon the record," to be used by IBM's expert witnesses. In his letter of June 30, 1980 transmitting the statement to plaintiff, IBM counsel stated that he hoped the "analysis section" of Dr. Mancke's narrative would be available within the next three weeks. Letter of Thomas D. Barr, dated June 30, 1980 to Robert J. Staal.

Defendant's submission of June 30, 1980 was the first indication that the narrative statements of IBM's economic experts would consist of two general parts—a historical statement and an analysis section. It cannot be emphasized too strongly, that until June 30th the court had every reason to believe that submission of the long awaited first narrative statement, or a very substantial part of it, would necessarily include the guts of any expert's testimony— that is, analysis and opinion. Indeed, in no prior instance did IBM submit a narrative statement on the installment plan.

While the court believes its patience is great, it is not infinite. During the conference of July 9, 1980 the court ordered defendant to choose one of three procedures for presenting the direct testimony of its four economic expert witnesses. Briefly described, the first procedure called for submission of narrative statements on dates certain and on the express condition that failure to meet a production deadline would result in the witness being stricken from the witness list, except for a clear and convincing showing of good cause why the

deadline was not met; the second procedure would permit IBM to abrogate the February 1, 1980 stipulation, *supra,* and require it to present live direct testimony of the four experts as soon as possible; and the third procedure was a combination of the above two: IBM could call some of their experts for live testimony while presenting others by narrative statements to be produced on dates certain and on the condition stated *supra.*

IBM has opted for the first procedure. In a letter to the court dated July 10, 1980 counsel for IBM set forth a schedule for production of narratives which substantially complies with the schedule the court outlined during the July 9, 1980 robing room conference. Further, counsel states that "[w]e understand that should we not meet the above dates, the Court, unless a showing of good cause is made, may preclude the testimony of the witness." Letter of Thomas D. Barr, dated July 10, 1980, to Judge Edelstein.[1] The court accepts IBM's schedule. Accordingly,

IT IS HEREBY ORDERED:

1. The following written statements prepared by defendant's economic expert witnesses shall be submitted on or before the following dates:

A. 1960's Historical Statement (to be prepared by Franklin M. Fisher)—July 18, 1980

B. 1970's Historical Statement (to be prepared by James W. McKie)—July 28, 1980

C. Analytical Statement of Richard B. Mancke—August 11, 1980

D. Analytical Statement of James W. McKie—August 22, 1980

E. Analytical Statement of Franklin M. Fisher—August 29, 1980

F. Analytical Statement of Carl E. Kaysen—September 15, 1980

2. Defendant's failure to submit statements on or before the dates listed above shall result in the witness whose statement is not submitted on schedule being stricken from the witness list and precluded from testifying, except where a clear and convincing showing of good cause is made why the deadline for submission of the statement was not met. For purposes of this provision, each witness' historical and analytical statement shall be considered part of the same testimony.

3. Defendant shall be permitted to submit errata to the above statements, together with proper pagination, internal cross references, and exhibit numbers to materials not yet marked as of the time of the submission of the above statements, not later than September 15, 1980.

So ordered.

APPENDIX

## CRAVATH, SWAINE & MOORE

One Chase Manhattan Plaza

New York, N. Y. 10005

212 Hanover 2–3000

TELEX
RCA 233663
WUD 125547
WUI 620976

July 10, 1980

United States v. IBM

Dear Judge Edelstein:

This will respond to the scheduling proposal which the Court presented at Wednesday's Robing Room conference. We respectfully request that we be permit-

---

1. IBM's letter, and plaintiff's letter of July 11, 1980 addressing IBM's proposed schedule, are appended to this memorandum and order.

ted to provide the plaintiff with the narrative statements of our economists on the following schedule:

| | |
|---|---|
| 1960s Historical Statement | July 18 |
| 1970s Historical Statement | July 28 |
| Analytical Statement of Richard B. Mancke | August 11 |
| Analytical Statement of James W. McKie | August 22 |
| Analytical Statement of Franklin M. Fisher | August 29 |
| Analytical Statement of Carl E. Kaysen | September 15 |

We further request that we be permitted to submit errata to such statements, together with proper pagination, internal cross references and exhibit numbers to materials not yet marked as of the time of the submission of the narrative statements, not later than September 15. We understand that should we not meet the above dates, the Court, unless a showing of good cause is made, may preclude the testimony of the witness.

We have informed plaintiff's counsel of the above proposed schedule and understand that they will respond separately to the Court.

Respectfully,

/s/ Thomas D. Barr

Hon. David N. Edelstein,
   United States District Court,
      Southern District of New York,
         United States Court House,
            Foley Square,
               New York, New York 10007
BY HAND

Copy to Robert J. Staal, Esq.,
        Department of Justice,
           Antitrust Division,
               One St. Andrew's Plaza,
                  New York, New York 10007
BY HAND

# United States Department of Justice

## ANTITRUST DIVISION

[SEAL]

ADDRESS REPLY TO THE
DIVISION INDICATED
AND REFER TO INITIALS AND NUMBER

**ONE ST. ANDREW'S PLAZA
NINTH FLOOR
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 791-9177**

JHW:RJS
60–235–38

July 11, 1980

<u>BY HAND</u>

Honorable David N. Edelstein
United States District Judge
Southern District of New York
United States Court House
Foley Square
New York, New York  10007

**824**

Re: United States v. International Business
Machines Corporation, 69 Civ. 200, SDNY

Dear Judge Edelstein:

We are advised by IBM counsel that IBM will propose the following schedule for production of narratives:

| | |
|---|---|
| July 18, 1980 | Historical Statement—1960–'70 |
| July 28, 1980 | Historical Statement—1970–'80 |
| August 11, 1980 | Mancke Analysis |
| August 22, 1980 | McKie Analysis |
| August 29, 1980 | Fisher Analysis |
| September 15, 1980 | Kaysen Analysis |
| September 15, 1980 | Errata on any of the above |

These dates, with the exception of the first one, represent some slippage from the cut-off dates proposed by the Court at Tr. 11301–11. The Department of Justice persists in the position that earlier cut-off dates would be desirable. The Department does not wish to be in the position of approving the additional delay represented by IBM's suggested scheduling.

Nevertheless, we recognize with reluctance that IBM's schedule does represent at least substantial compliance with the Court's proposal. We also find it important that IBM does agree that failure to meet the above schedule will result in striking the witnesses' testimony, as discussed by the Court at Tr. 113011. For that reason the Court's proposal has resulted in progress that we do not wish to obstruct.

Sincerely yours,

/s/ ROBERT J. STAAL
Attorney
Antitrust Division

BY HAND

cc: Thomas D. Barr, Esquire
    Cravath, Swaine and Moore
    One Chase Manhattan Plaza
    New York, New York 10005